IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>     v.<br><br>ARTEMIO JIMENEZ-REJON,<br><br>                    Defendant. | 8:16CR153<br><br>MEMORANDUM<br>AND ORDER |

      This matter is before the Court on Defendant Artemio Jimenez-Rejon's ("Jimenez-Rejon") Motion for Modification and Reduction of Sentence (Filing No. 180).  For the reasons stated below, the motion is denied.

      Jimenez-Rejon pleaded guilty to one count of conspiracy to distribute and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1) and § 846.  The parties agreed Jimenez-Rejon was responsible for at least 1.5 kilograms but less than 5 kilograms of methamphetamine (Filing No. 90).  Based on Jimenez-Rejon's Total Offense Level of 29 and a Criminal History Category II, the guideline imprisonment range was 108 - 135 months.  However, the statutorily authorized minimum sentence at the time of sentencing was greater than the minimum of the guideline range; therefore Jimenez-Rejon's guideline range was 120 - 135 months.  *See id.*; U.S.S.G. § 5G1.1(c)(2).  Jimenez-Rejon was sentenced to 120 months with 5 years of supervised release.

      Although the caption of Jimenez-Rejon's motion references several authorities, his argument puts forth two bases for modification of his sentence: (1) ineffective assistance of counsel; and (2) retroactive application of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018) ("First Step Act").

To the extent Jimenez-Rejon asserts his sentence should be modified due to ineffective assistance of counsel, his request is a motion under 28 U.S.C. § 2255 and must be dismissed as untimely. Claims of ineffective assistance of counsel not raised on direct appeal are properly brought under § 2255. *See Massaro v. United States*, 538 U.S. 500, 508 (2003). Although Jimenez-Rejon does not directly reference § 2255, "a post-judgment motion that fits the description of a motion to vacate, set aside, or correct a sentence should be treated as a § 2255 motion." *United States v. Fine*, 982 F.3d 1117, 1118 (8th Cir. 2020). Thus, to the extent Jimenez-Rejon raises ineffective assistance of counsel, his motion is governed by § 2255.

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), § 2255 contains a one-year statute of limitations, stating in pertinent part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1)  the date on which the judgment of conviction becomes final;
>
> (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

Jimenez-Rejon makes the conclusory assertion that his counsel was ineffective in failing to properly communicate with Jimenez-Rejon, resulting in an improper sentence. Jimenez-Rejon was sentenced on December 19, 2016. Far longer than a year has passed since Jimenez-Rejon's sentence became final. Jimenez-Rejon presents no facts or

argument regarding the timeliness of his motion, or why it should not be barred by 28 U.S.C. § 2255(f)(1). To the extent the motion raises claims under § 2255, the Court concludes that it is untimely, and is summarily denied.

The remainder of Jimenez-Rejon's argument vaguely asserts that his sentence should be reduced based on retroactive application of the First Step Act and Fair Sentencing Act. As best as the Court can discern, he asserts that his criminal history category would have changed because Section 404(a) of the First Step Act amended what constitutes a covered offense (Filing No. 180). However, no provision of the First Step Act applies to Jimenez-Rejon.

Section 404(a) of the First Step Act does not apply to Jimenez-Rejon. Section 404 of the First Step Act makes provisions of the Fair Sentencing Act retroactive to defendants sentenced before August 3, 2010. The Fair Sentencing Act reduced the disparity between crack and powder cocaine in sentencing by increasing the threshold amounts required to trigger mandatory-minimum sentences for crack cocaine offenses. The Fair Sentencing Act became effective on August 3, 2010, but was not retroactive. *See United States v. Orr*, 636 F.3d 944, 958 (8th Cir. 2011). To be eligible for a reduction under § 404(a)—the provision cited in Jimenez-Rejon's motion—the offense of conviction must be a "covered offense," defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010." Jimenez-Rejon was convicted of conspiracy to distribute methamphetamine, not crack cocaine. Moreover, he was convicted of an offense that occurred after August 3, 2010. Accordingly, § 404(a) of the First Step Act does not apply to Jimenez-Rejon.

Even construing the motion liberally, no relevant part of the First Step Act would retroactively apply to Jimenez-Rejon. The only other conceivable ground for reduction is § 401 of the First Step Act, which amended and reduced mandatory-minimum sentences for convictions under 21 U.S.C. § 841. The First Step Act "does not make the section 401

amendments retroactive." *United States v. Grant*, 813 Fed.Appx. 246, 249 (8th Cir. 2020) (unpublished). Even if Jimenez-Rejon's mandatory-minimum sentence for 21 U.S.C. § 841 would have changed his sentence if convicted today, § 401 of the First Step Act was not retroactive. Section 401 of the First Step Act specifically stated that the amendment only applied to "any offense that was committed before the date of enactment of this Act [Dec. 21, 2018], if a sentence for the offense has not been imposed as of [Dec. 21, 2018]." *See also United States v. Shipton*, 793 Fed.Appx. 458, 458-59 (8th Cir. 2020) (unpublished) (explaining § 401 of the First Step Act does not apply retroactively to defendants sentenced prior to December 21, 2018). Jimenez-Rejon was sentenced in 2016, several years before the First Step Act's effective date. Thus, any potential change in the law does not retroactively apply to Jimenez-Rejon.

Even construed liberally, Jimenez-Rejon has not identified any discernible or applicable basis to reduce his sentence. Accordingly, his Motion for Modification and Reduction of Sentence (Filing No. 180) is denied.

IT IS SO ORDERED.

Dated this 26th day of April 2022.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge